**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GITA P.,

            Plaintiff,

            v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

            Defendant.

Civil Action No. 21-6087 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Gita P.'s ("Gita")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Gita's request for disability insurance benefits. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.   BACKGROUND**

    In this appeal, the Court must answer two evidentiary questions: *First*, does substantial evidence support Administrative Law Judge Peter R. Lee's ("Judge Lee") determination that a claimant's mental impairments were non-severe? *Second*, does substantial evidence support Judge Lee's determination of a claimant's residual functional capacity ("RFC") that excluded mental

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

limitations? The Court begins with a brief background of the procedural posture and decision by Judge Lee.[2]

A.  **Procedural Posture**

Gita filed an application for disability insurance benefits on April 26, 2018, alleging a disability onset date of July 31, 2017. (AR 179-80.) The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.* at 70, 86.) Thereafter, Gita requested a hearing (*id.* at 98), and Judge Lee held that hearing on June 10, 2020 (*id.* at 28-55). Judge Lee issued a written opinion, where he determined that Gita was not disabled. (*Id.* at 9-27.) Gita appealed that decision, and the Administration's Appeals Council affirmed Judge Lee's decision. (*Id.* at 1-6.) This appeal followed. (ECF No. 1.) Gita filed her opening brief on September 29, 2021 (ECF No. 10), and the Commissioner filed an opposition brief on November 15, 2021 (ECF No. 11). Gita did not file a reply brief.

B.  **Judge Lee's Decision**

In his June 25, 2020 opinion, Judge Lee concluded that Gita was not disabled under the prevailing Administration regulations. (*See generally* AR 12-23.) Judge Lee set forth the five-step process for determining whether an individual is disabled. (*Id.* at 13-14 (citing 20 C.F.R. § 404.1520(a)).) At step one, Judge Lee found that Gita had not "engaged in substantial gainful activity" since the disability onset date. (*Id.* at 14 (citing 20 C.F.R. § 404.1571).) At step two, Judge Lee found that Gita suffered from several severe impairments, including arthritis, a meniscus tear, and obesity. (*Id.* at 14-17 (citing 20 C.F.R. § 404.1520(c)).) At step three, Judge Lee determined that Gita did not have "an impairment or combination of impairments" that qualified

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 6-1 through 6-7. The Court will reference the relevant page numbers in the Record and will not reference corresponding ECF page numbers within those files.

2

under the Administration's listed impairments. (*Id.* at 17-18 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).) As a precursor to step four, Judge Lee concluded that Gita had the RFC to "perform light work" as the Regulations define that term. (*Id.* at 18-23 (citing 20 C.F.R. § 404.1567(b)).) At the fourth step, Judge Lee concluded that Gita "is capable of performing past relevant work as a patient insurance clerk." (*Id.* at 23 (citing 20 C.F.R. § 404.1565).) As a result, Judge Lee did not reach step five and determined that Gita was not disabled. (*Id.* at 23 (citing 20 C.F.R. § 404.1520(f)).)

This appeal concerns Judge Lee's determinations at step two and step four. As to step two, Judge Lee considered evidence of Gita's mental impairments and concluded that those impairments were non-severe. Judge Lee assessed four criteria (the so-called "paragraph B" criteria): (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (*Id.* at 15-17; *see also* 20 C.F.R., pt. 404, subpt. P, app. 1). He found that Gita suffered from a mild limitation in each area. (AR 17.) Regarding the first criterion, Judge Lee relied on a psychological consultative examination from J. Theodore Brown Jr., Ph.D., which revealed that Gita had "slightly impaired" cognitive and intellectual functioning, "okay" memory, "clear and fluent" speech, and a "good fund of information." (*Id.* at 15.) Regarding the second criterion, Judge Lee also relied on Dr. Brown's examination, as well as evaluations by William Hapworth, M.D., and Susan Klein, M.D. (*Id.* at 15-16.) Although Dr. Hapworth diagnosed Gita with major depressive disorder, the subsequent evaluations by Dr. Brown and Dr. Klein showed that Gita was "pleasant," had no anxiety or panic attacks, had "good attention to hygiene," and was planning a long trip to India and Thailand. (*Id.* at 16.) Similarly, for the third criterion, Judge Lee relied on a letter from a licensed social worker, Barbara Leff, and the subsequent evaluations by Dr. Brown and Dr. Klein.

Although Ms. Leff opined that Gita was "excessively fatigued and couldn't concentrate," the subsequent evaluations demonstrated that her "thought processes were coherent and goal directed" and that she appeared "alert and oriented." (*Id.*) Finally, regarding the last criterion, Judge Lee again found Dr. Brown's and Dr. Klein's later-in-time evaluations persuasive of a mild limitation because they showed affect "appropriate to thought content with full range of speech" and did not "demonstrate tangential thought, perseveration or anxiety." (*Id.*)

Turning to Judge Lee's analysis at step four, Judge Lee initially found that Gita had the RFC "to perform light work as defined in 20 C.F.R. [§] 404.1567(b)" with some exceptions. (*Id.* at 18.) As part of that finding, Judge Lee determined that Gita's non-severe mental impairments were mild and therefore not incorporated into Gita's RFC. (*Id.* at 21.) He noted that Ms. Leff's and Dr. Hapworth's evaluations were unpersuasive. (*Id.*) For one, Judge Lee noted that Dr. Hapworth's diagnosis of major depressive disorder was limited to a "single episode" and that he prescribed anti-depressants. (*Id.*) In addition, as a licensed social worker, Ms. Leff was not an "acceptable medical source" under 20 C.F.R. § 404.1502(a). (*Id.* at 22.) Even if she was, Judge Lee concluded that Ms. Leff's analysis "did not support the extent of assessed limitations with objective medical findings" and was contradicted by later-in-time evaluations by Dr. Brown and Dr. Klein. (*Id.*)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310,

316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not 'weigh the evidence or substitute [its own] conclusions for those of the fact-finder.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). Even if the court would have decided differently, it is bound by the Administrative Law Judge's ("ALJ") decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

      **B.**      **Establishing Eligibility for Disability Insurance Benefits**

To be eligible for disability insurance benefits, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). Under the statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and

5

work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520. For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a listed impairment, they are presumed to be disabled and entitled to disability insurance benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' RFC permit them to resume previous employment. *Id.* § 404.1520(a)(4)(iv). If claimants' RFC permit previous employment, claimants are not "disabled" and not entitled to disability insurance benefits. *Id.* § 404.1520(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that claimants can perform other work consistent with their medical impairments,

6

age, education, past work experience, and RFC. *Id.* If the Commissioner cannot satisfy this burden, claimants will receive disability insurance benefits. 20 C.F.R. § 404.1520(g).

### III. DISCUSSION

Gita appeals the Administration's Appeals Council's affirmance of Judge Lee's decision. The centerpiece of her appeal is that both the Appeals Council and Judge Lee erred regarding the step two and RFC determinations. The Court considers each issue in turn.

### A. Judge Lee Did Not Err in Finding Gita's Mental Impairments Non-Severe at Step Two.

Gita argues that Judge Lee incorrectly assessed the severity of her mental impairments by "wholly ignor[ing] all positive objective findings of record." (Pl.'s Br. 10, ECF No. 10.) Principally, Gita charges Judge Lee with ignoring portions of "[Dr.] Brown's examination [that] showed Plaintiff was not able to recall any of the three objects after a delay or complete serial three's or seven's" and that Gita watched television in a "limited manner." (*Id.* at 10-11.) Like any other finding of fact, the Court reviews whether Judge Lee's severity findings are supported by substantial evidence in the record. *See Brown v. Colvin*, No. 16-1123, 2017 WL 6606903, at *6 (M.D. Pa. Dec. 27, 2017) ("While we acknowledge that a claimant's burden at Step 2 is not an exacting one, with respect to this question we are also mindful of the fact that our review of the ALJ's decision is limited to determining whether the findings of the ALJ are supported by substantial evidence in the record."). After a careful review of the record, the Court concludes that substantial evidence supports Judge Lee's findings that Gita's mental impairments are non-severe.

To start, Judge Lee employed the correct criteria in assessing Gita's mental impairments. ALJs attempting to ascertain mental impairments use the paragraph B criteria, which evaluate limitations in four areas of a claimant's functioning. *See Miller v. Saul*, No. 19-1775, 2020 WL 7129310, at *8 (M.D. Pa. Dec. 4, 2020). Here, Judge Lee thoroughly evaluated each area with

citations to appropriate medical sources. For example, in evaluating the second criterion (interacting with others), Judge Lee consulted four different evaluations from three separate medical sources and Gita's own self-evaluation. (AR 15-16.) All four sources contained support for Judge Lee's conclusion that Gita had a mild limitation in interacting with others. Gita reported that although she becomes "irritated with friends and family for no apparent reason," she was also never "fired or laid off from a job because of problems getting along with other people." (*Id.* at 15.) In addition, one doctor diagnosed Gita with a single episode of major depressive disorder; others reported that she was pleasant with a neutral mood and was planning a long trip to India and Thailand. (*Id.* at 15-16.) Given the mixed evidence, Judge Lee determined that Gita had a limitation interacting with others but only a mild one. (*Id.* at 16.)

Judge Lee's analysis in the other three functioning criteria echoed the above analysis. Still, Gita argues that Judge Lee selectively ignored evidence that she had difficulty counting backwards and watching soap operas and movies. (*See* Pl.'s Br. 9-11.) The problem, however, is that neither piece of evidence overcomes the substantial evidence that Judge Lee considered showing only mild—and therefore non-severe—limitations. *See* 20 C.F.R. § 404.1520(c) (noting that a "severe" impairment is one that limits claimant's mental ability to perform basic work activities). Indeed, Gita does not explain, for example, how difficulty watching certain types of television translates to anything more than a mild limitation in concentrating, persisting, or maintaining pace. *See Rivera v. Comm'r of Soc. Sec.*, No. 16-1610, 2017 WL 3783698, at *3 (D.N.J. Aug. 31, 2017) ("Slight abnormalities or minimal effects on a claimant's ability to work do not satisfy [severe limitations]." (citing *Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010))). Nor does Gita explain how Judge Lee's apparent failure to consider that evidence was harmful, particularly where Judge Lee buttressed his conclusion with numerous

citations to medical sources. (*See, e.g.*, AR 16 (citing to Dr. Brown and Dr. Klein evaluations).) What Gita really seeks is to have the Court reweigh the evidence Judge Lee considered in her favor. But that is far from the role of this Court in its limited review on appeal. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *6 (E.D. Pa. Oct. 19, 2011) (affirming step two determination and noting that "[a]t this level of judicial consideration, the [c]ourt's scope of review is 'limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.' Whether the [c]ourt would have reached a different conclusion is of no moment." (quoting *Gilmore v. Barnhart*, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005))). The Court accordingly will not disturb Judge Lee's step two findings and affirms.[3]

**B.   Judge Lee Did Not Err in Excluding Mental Limitations from Gita's RFC.**

Next, Gita argues that Judge Lee wrongly excluded mental limitations from her RFC. Embedded in this argument are two alternative arguments: first, that Judge Lee erroneously found unpersuasive the evaluations by Ms. Leff and Dr. Hapworth (*see* Pl.'s Br. 12-19), and second, that Judge Lee failed to incorporate Gita's mild mental limitations into the RFC (*see id.* at 22-25). Both arguments lack merit.

Starting with the first, Judge Lee correctly gave little weight to Ms. Leff's findings. As a licensed social worker, Ms. Leff is not an "acceptable medical source" under Administration

---

[3] The Court further notes that any error in step two regarding non-severity would be harmless because Judge Lee found severe impairments. "So long as the ALJ finds that 'any single impairment meets the severity threshold required at step two, any error the ALJ made in this determination was harmless.'" *Jennifer B. v. Kijakazi*, No. 20-20364, 2022 WL 577960, at *4 (D.N.J. Feb. 25, 2022) (citing *Auriemma v. Colvin*, No. 13-5947, 2015 WL 5097902, at *6 (D.N.J. Aug. 31, 2015)); *see also Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [plaintiff]'s favor at Step Two, even if he had erroneously concluded that some of h[is] other impairments were non-severe, any error was harmless.").

9

regulations. *See* 20 C.F.R. § 404.1502(a) (listing acceptable medical sources); *Cruz ex rel. Y.R.C. v. Kijakazi*, No. 20-2029, 2022 WL 525999, at *11 (M.D. Pa. Feb. 22, 2022) ("[A] social worker . . . does not qualify as an 'acceptable medical source.'" (citations omitted)). Judge Lee was thus not required to consider Ms. Leff's findings at all. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361-62 (3d Cir. 2011) (noting that ALJs are not required to consider opinions from unacceptable medical sources (citing 20 C.F.R. § 404.1513(a))). Still, Judge Lee considered Ms. Leff's findings and found them unpersuasive. Here too, he did not err because he found Ms. Leff's findings to be inconsistent with later-in-time evaluations performed by Dr. Brown and Dr. Klein. (*See* AR 22.)[4]

Judge Lee also did not err in finding Dr. Hapworth's diagnosis of major depressive disorder unpersuasive. Under 20 C.F.R. § 404.1520c, Judge Lee need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)" and was "not required to articulate how [he] considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 404.1520c(a), (b)(1). Rather, the regulation requires that Judge Lee evaluate the persuasiveness of a medical source's opinion by considering objective criteria like "[s]upportability," "[c]onsistency," "[l]ength of the treatment relationship," and "extent of the treatment relationship." *Id.* § 404.1520c(c).

Judge Lee followed this regulation. Although not the clearest articulation of the above criteria, Judge Lee suggested that Dr. Hapworth's opinion was unsupported and inconsistent with

---

[4] The Court further notes that its own review of Ms. Leff's evaluation reveals that it was provided on a "check-the-box" form that constitutes "weak evidence at best." *Rafine v. Comm'r of Soc. Sec.*, No. 19-14215, 2020 WL 3073829, at *5 n.12 (D.N.J. June 10, 2020) (second quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)); *see also* AR 337-43.

10

other evidence on the record. For example, he noted that Dr. Hapworth stated that Gita was taking daily anti-depressants but also that Ms. Leff indicated that Gita had stopped taking anti-depressants two months later. (AR 21.) Judge Lee also stressed that Dr. Hapworth diagnosed Gita with a *single episode* of major depressive disorder and noted elsewhere in his opinion that later-in-time evaluations no longer supported that diagnosis. (*See, e.g.*, AR 15-16 (discussing subsequent Dr. Brown and Dr. Klein evaluations), *id.* at 21 ("[T]he claimant testified that she is no longer receiving mental health treatment.").) The Court is thus satisfied that Judge Lee did not "reject [Dr. Hapworth's] evidence for no reason or for the wrong reason." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (quoting *Mason*, 994 F.2d at 1066). Rather, the record supports that Judge Lee considered all the evidence and gave reasons for discounting Dr. Hapworth's opinion. *See id.* (citing *Stewart v. Sec'y of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983)). Further, in all events, the consistent and thorough evaluations of Dr. Brown and Dr. Klein buttressed Judge Lee's conclusion that Dr. Hapworth's opinion was unpersuasive. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.").

Finally, Gita argues that Judge Lee "provided no explanation as to why he did not incorporate any limitations regarding [her] mild limitations" into the RFC. (Pl.'s Br. 24.) That characterization, however, is misleading. After incorporating his step two findings and evaluating Dr. Hapworth's opinion, Judge Lee concluded as follows: "Because the evidence demonstrates no more than 'mild' limitation in any of the four broad functional areas, it does not support an assessment of mental limitations in the claimant's residual functional capacity." (AR 21.) At the onset of his step two analysis, Judge Lee further stated that he

> considered all of the claimant's [medically determinable impairments], including those that are not severe, when assessing her residual functional capacity later in this decision. However, I note that certain impairments have no more than minimally affected the claimant's vocational capacity and as such, are considered "nonsevere" for disability evaluation purposes.

(*Id.* at 15.) Said another way, Judge Lee determined that his analysis at step two applied to his analysis at step four, thereby warranting the conclusion that "certain impairments have no more than minimally affected the claimant's vocational capacity." (*Id.*)

Gita's mischaracterization notwithstanding, Judge Lee's determination raises the question of whether an ALJ reversibly errs by relying on step two findings for his RFC determination. The U.S. Court of Appeals for the Third Circuit has not addressed this question head-on. Many courts in this District, however, have concluded that ALJs do not err when giving short shrift to non-severe mental impairments in RFC determinations. For example, relying on dicta in *Ramirez v. Barnhart*, one court reasoned that reversible error could not lie because "the ALJ was entitled to not include 'minimal or negligible' deficiencies in the RFC." *Makowski v. Comm'r of Soc. Sec.*, No. 16-1656, 2017 WL 3151243, at *7 (D.N.J. July 24, 2017) (quoting 372 F.3d 546, 555 (3d Cir. 2004)). Echoing that logic, another court relied on *Holley v. Commissioner of Social Security* to conclude that "an RFC assessment does not need to contain in-depth analysis on mental impairments when the ALJ finds earlier in his opinion that a claimant's mental impairments are no greater than mild." *D.C. v. Comm'r of Soc. Sec.*, No. 20-2484, 2021 WL 1851830, at *6 (D.N.J. May 10, 2021) (citing 590 F. App'x 167, 169 (3d Cir. 2014)). More recently, another court deduced that because step two "will not necessarily translate to the language used at steps four and five" and because an ALJ need include only "credibly established" limitations at step four, an ALJ does not commit reversible error by incorporating step two findings into an RFC determination. *See*

12

*Jennifer B.*, 2022 WL 577960, at *13 (first quoting *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019); then quoting *Rutherford*, 399 F.3d 546 at 554).

Whatever the case may be, the trend from these cases is clear: Judge Lee did not reversibly err by relying on his thorough step-two findings in crafting Gita's RFC. In so affirming, the Court joins the chorus of cases holding the same. *See Charlier v. Kijakazi*, No. 20-1327, 2022 WL 606327, at *4 n.22 (D. Del. Feb. 28, 2022) (listing cases) ("[T]here is nothing inherently illogical about acknowledging a claimant's mild and non-disabling limitations from the [step two] viewpoint, but then concluding that these limitations do not restrict what a claimant can do at work." (citation omitted)). Further, in all events, the Court is satisfied that the record as a whole supports Judge Lee's finding that Gita's mental impairments have had little impact on her ability to work. Cases may very well exist where an ALJ's RFC determination requires a more searching analysis even after a thorough evaluation of the paragraph B criteria in step two. This is not that case.

## IV.   CONCLUSION

Having reviewed the Record as a whole, the Court affirms the affirmance of Judge Lee's decision by the Administration's Appeals Council. The Court will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE